# CHARLESTON.

## REILLY v. CLARK.

Submitted September 12, 1888.—Decided Nov. 24, 1888.

1. STATUTE OF LIMITATIONS—JUDGMENT-LIEN—EVIDENCE.

    To avoid the bar of the statute of limitations in respect to the right to enforce the lien of a judgment, the creditor must bring his case within one of the exceptions declared in the statute, and he can not by parol evidence or otherwise avoid such bar upon any ground not embraced in the statute. (p. 574.)

2. STATUTE OF LIMITATIONS—PAROL AGREEMENT TO EXTEND TIME —JUDGMENT-LIEN.

    In a suit to enforce the lien of a judgment against real estate brought more than ten years after the return-day of the last exe-

cution issued thereon the creditor can not avoid the bar of the statute by a parol agreement binding him not to sue out execution or enforce the judgment until within ten years before the bringing of such suit.  (p. 575.)

3. STATUTE OF LIMITATIONS—AVOIDANCE BY ISSUANCE OF EXECUTION —JUDGMENT-LIEN.

Where an execution has been issued upon a judgment more than ten years after the return-day of the last preceding execution issued thereon, and a suit is brought by the creditor to en- force the lien of such judgment against the real estate of his debtor, the issuance of such execution will not avoid the bar of the right to enforce such lien, notwithstanding the said execution is merely voidable and not liable to be assailed in a collateral suit.  (p. 575.)

*Miller & Cole* for appellant.

*Martin & Woods* for appellee.

SNYDER, JUDGE :

Suit instituted by M. Reilly against W. W. Clark, L. R. Charter and others, in the Circuit Court of Doddridge county, to convene the creditors, and subject the real estate of the defendant, Clark, to the payment of the plaintiff's judgment. The cause was referred to a commissioner, who reported the real estate owned by Clark and the several judgments oper- ating as liens thereon, among which was that of the plaintiff for $438.50, recovered November 26, 1881.  In addition to these he reported that Clark had confessed in the clerk's office of the Circuit Court of said county a judgment in favor of L. R. Charter for $347.81, and costs ; that this judgment had been confessed on September 12, 1871, upon which day an execution had been issued thereon returnable on the first Monday in November, 1871, indorsed, " Not to go out by order of plaintiff; " and that a second execution had been issued thereon April 26, 1882.

After this report had been filed, the defendant, Clark, filed his answer, in which he insisted that the said judgment of Charter was barred by the statute of limitations, which he pleaded thereto.  The defendant, Charter, also filed his an- swer, in which he admitted that no execution had been issued on said judgment for a period of more than ten years from the return-day of the first execution, but insisted that the second execution was rightly issued, because at the time

Clark confessed the judgment it was understood and agreed between him and Clark that execution was not to issue thereon until such time as said Clark could pay the same, and that he also agreed not to enforce said judgment by execution or otherwise for a period of at least two years after its date.

The report was then recommitted to the commissioner, who, after referring to the evidence and the controversy between the defendants, Clark and Charter, as to the said judgment of Charter, the former claiming that it was barred by the statute of limitations, and the latter claiming that under the facts proved it was not barred, submitted the question whether or not said judgment was barred to the court. Both the plaintiff and the defendant, Charter, excepted to this report,—the former because the commissioner failed to report that said judgment was barred, and the latter because he failed to report that it was a subsisting lien on the lands of Clark. The court by its final decree of March 23, 1887, held and decided that the said judgment of Charter was barred by the statute of limitations, and disallowed the same.

From this decree the defendant, Charter, has appealed.

The only question for our determination on this appeal is whether or not, upon the facts shown in the record, the said judgment of the appellant, Charter, is a valid and subsisting lien upon the real estate of the defendant, Clark. This Court has repeatedly decided, and thus settled the law of this State, that the lien of a judgment ceases when the right to sue out execution on the judgment, or to revive it by *scire facias*, is barred by the statute of limitations. *Werdenbaugh* v. *Reid*, 20 W. Va. 588; *Laidley* v. *Kline*, 23 W. Va. 565.

Our statute declares that execution may issue on a judgment at any time within ten years from the return-day of the last execution thereon, but that no execution shall issue, nor any action, suit, or *scire facias* be brought, on any judgment in this State thereafter, except that in computing the time, the period " during which the right to sue out execution on the judgment is suspended by the terms thereof, or by legal process, shall be omitted from the computation" *etc.* Sections 10, 11, ch. 139, Code 1887, p. 866. It is plain, there-

fore, that the judgment of the appellant was barred at the time this suit was commenced in May, 1884, unless the facts shown by the record bring it within the exceptions contained in the statute.

The appellant contends that two grounds are shown which bring his judgment within said exceptions : *first*, because the agreement made between him and Clark at the time the judgment was confessed operated as a suspension of his right to sue out execution for at least two years; and, *second*, whether this is so or not, he did in fact sue out execution within ten years from the date of bringing this suit.

1. In support of the first ground, the said Charter testifies that at the time the judgment was confessed it was understood and agreed that no execution was to go out on the judgment, as Clark promised to pay it as soon as he could get out of a tight place in money-matters; that he does not think there was any specified time, but Clark was to have the amount and pay the interest annually until he got out of his troubles; and that he did not expect him to pay it for four or five years, as they were friends. The consideration for the judgment was an overdue order against Clark. Charter. exhibits with his deposition a writing signed by Clark, stating that he had confessed the judgment, and that he was " to pay interest annually to Charter, that it may run two years." On the other hand, Clark testifies that there was no agreement that Charter should not sue out execution on the judgment, and that he had the right to sue out execution at any time.

From this evidence it seems to me that no agreement is shown which suspended the legal right of Charter to sue out execution. The testimony of Charter is contradicted by the fact that an execution was sued out on the same day the judgment was confessed. It is true the clerk indorsed on this execution that it was not to go out, but this was done upon the order of the plaintiff, and not by any agreement between the plaintiff and defendant. The paper signed by Clark was simply a promise to pay interest annually. This paper was not signed by Charter, and did not bind him to do or not to do anything.

The fatal defect in all this evidence is that it fails to show any consideraton for the alleged agreement. It had no sanc-

tion or binding force, and consequently, even if it had been made as claimed by Charter, it imposed upon him no legal restraint; if he had issued execution, Clark would have been without legal redress. But, aside from the failure of the appellant to prove any such valid agreement, I am of opinion that it would not avail if it had been proved, because the statute specifically declares and defines the grounds which will prevent the operation of the statute of limitations, and they are that the right to sue out execution on the judgment must be " suspended by the terms thereof, or by legal process." The statute, by thus particularizing and specifying the grounds, shows a clear purpose to limit its operation to those, and exclude any other grounds. The agreement which the appellant has attempted to prove does not bring him within the protection of either or any of the exceptions in the statute, and it could not, therefore, suspend the statute of limitations.

2. As to the second ground it is admitted, that the period between the return-day of the first and the issuance of the second execution was more than ten years; but it is insisted, that, although the issuance of the second execution was irregular and erroneous, the said execution was merely voidable, and could not be assailed in this collateral suit. *Beale* v. *Botetourt*, 10 Grat. 278. It is undoubtedly true that if this suit was intended to question the enforcement of the execution, that could only be done by a direct proceeding to quash or vacate it, and not by a collateral suit; but this suit is upon the judgment, and is wholly independent of the execution, and in no manner interferes with or affects its operation. The execution can operate upon personalty only, while this suit solely affects the realty of the debtor. If the right to sue out execution, or to revive the judgment by action or *scire facias*, exists, the lien of the judgment may be enforced in equity against real estate without suing out an execution. Thus, the proceeding in equity against the realty is entirely independent of, and in no manner affected or controlled by, the execution. A suit to enforce the lien of a judgment against realty is one thing, and a proceeding by execution against personalty is entirely a different thing,—neither is dependent upon or at all essential to the other. Therefore

the simple fact that the appellant in this case had issued an execution upon a barred judgment did not revive the judgment or the lien thereof on the real estate of the debtor, and thereby make it enforceable in equity against real estate.

For these reasons I am of opinion the decree of the Circuit Court must be affirmed.

AFFIRMED.