# Richmond.

## WICKS v. SCULL.

### JANUARY 14, 1904.

#### Absent, Buchanan, J.*

1. JUDGMENTS—*Docketing—Notice—City Carved Out of County.*—Docketing a judgment in the clerk's office of the County Court of a county out of which a city is subsequently carved is not constructive notice of such judgment to a purchaser for value of land acquired by the judgment debtor several years after the incorporation of the city.

2. EQUITY—*Quieting   Title—Undocketed   Judgments.*—A   judgment, though not docketed in the county or corporation in which land lies, constitutes a cloud on the title of a purchaser for value and without notice of such land from the judgment debtor which he may file a bill to remove, as the fact of the existence of the judgment may still be established by extrinsic evidence, and as long as such an issue can be made, the judgment constitutes a cloud upon the title of the purchaser, and depreciates its value.

Appeal from a decree of the Corporation Court of the city of Newport News, in a suit in chancery, wherein the appellee, Allan Scull, was the complainant, and the appellant and others were the defendants.

                                              *Affirmed.*

The opinion states the case.

*John W. Friend* and *C. Aylett Ashby,* for the appellant.

*Judge Buchanan was detained at home by sickness.

*Jones, Woodward & Phillips* and *A. C. Garrett,* for the appellees.

KEITH, P., delivered the opinion of the court.

This is a suit in equity, from the record in which it appears that the Old Dominion Land Company conveyed lot 64, in block 101, in the city of Newport News, to Enoch Clayton, by deed dated March 29, 1899; that Clayton conveyed the same lot to James and Allan Scull, by deed dated April 6, 1899, and that on the 18th of November, 1899, James Scull conveyed his interest in this property by deed to Allan Scull.

On the 2nd of December, 1872, D. R. Wicks recovered in the Circuit Court of the city of Richmond a judgment against Enoch Clayton for one thousand dollars. Upon this judgment executions were issued on the 23rd day of April, 1873, on the 15th of February, 1893; May 9, 1893, and April 3, 1894. On the 13th of March, 1892, this judgment was docketed in the County Court of Warwick county.

On the 20th of May, 1901, Allan Scull filed his bill in the Corporation Court of Newport News, to which he makes D. R. Wicks, James C. Scull, and Prudence Scull, his wife, and Enoch Clayton parties defendant, and in which he avers that the judgment recovered against Enoch Clayton constitutes a cloud upon the title to the real estate which he purchased from Clayton; that said judgment has long since been paid; that it is barred by the statute of limitations, and prays that the court will cause said judgment to be marked satisfied. Wicks, the judgment creditor filed an answer, in which he asserts that his judgment constitutes a lien upon the real estate in the bill mentioned; prays that his answer may be taken as a cross-bill, and that the lien of his judgment may be enforced. Allan Scull, in his answer to this cross-bill, reiterates his pleas of payment and the statute of limitations, claims that he was a purchaser for value and without notice of the judgment, and that it does not constitute a lien upon his real estate.

By an act approved January 16, 1896 (Acts 1895-'96, p. 74), the city of Newport News was incorporated, and was declared to embrace certain territory which had theretofore constituted a part of Warwick county, and it further appears that the lot in controversy lies within the corporate limits of the city of Newport News.

On the 9th of December, 1899, Enoch Clayton filed a petition in bankruptcy in the District Court of the United States for the Eastern District of Virginia, and from the schedule thereto annexed it appears that he had at that time no property of any kind, and the only debt which he reports is this judgment for one thousand dollars, recovered against him in the city of Richmond by D. R. Wicks.

These being the facts, the Corporation Court of the city of Newport News, being of opinion that the judgment was not barred by the statute of limitations, and that James and Allan Scull were purchasers for valuable consideration without notice of the said judgment, the same never having been docketed in the clerk's office of the Corporation Court of the corporation wherein the land mentioned was at the time of its purchase by the said Allan and James Scull, decreed that the plaintiff in the original bill should hold said land free and clear from said judgment. In this decree there is no error.

The judgment had been kept alive by the executions issued upon it. There is no satisfactory evidence of its payment, and the petition in bankruptcy filed by the judgment debtor is an admission that it had never been paid. There is no evidence bringing home actual notice of the existence of this judgment to Allan Scull, and it is plain that, under the circumstances of this case, this judgment rendered in 1872 by the Circuit Court of the city of Richmond and docketed in Warwick county in 1892, does not operate as constructive notice to Allan Scull, who purchased the lot in question in 1899. The city of Newport News, within the limits of which this lot is embraced, was incorporated in January, 1896. Section 3570 of the Code is as follows:

"No judgment shall be a lien on real estate as against a purchaser thereof for valuable consideration without notice, unless it be docketed according to the provisions of this chapter in the county or corporation wherein such real estate is, either within twenty days after the date of such judgment, or fifteen days before the conveyance of such real estate to such purchaser."

Allan Scull was a purchaser for a valuable consideration. There is no evidence of actual notice to him of the existence of this judgment, and it was not docketed in the corporation of Newport News within twenty days after its date, nor fifteen days before the conveyance to him of the real estate upon which it is now claimed to be a lien. Between January 16, 1896, when the city of Newport News was incorporated, and the 6th day of April, 1899, when this lot was purchased from Clayton by James and Allan Scull, D. R. Wicks, the judgment creditor, had ample time within which to have docketed this judgment in the clerk's office of the Corporation Court of Newport News.

It is very earnestly insisted by counsel for appellant that the decree is erroneous, because, if the judgment is not a lien upon the property of Allan Scull, it did not constitute a cloud upon the title, and the equitable jurisdiction to remove that cloud, which had been invoked by appellee, did not exist. Wicks had obtained a judgment in the Circuit Court of the city of Richmond, which, until it was paid or barred by the statute of limitations, or had in some way lost its validity, constituted a lien upon the real estate of the judgment debtor. It was always competent to show in a suit upon the judgment, that it had been paid, or that it was barred by the statute of limitations, or that for any legal cause it had lost its force as a lien; as, for instance, that the estate of the original debtor had passed into the hands of a purchaser for value and without notice, but in all these cases the facts relied upon to extinguish the judgment, or to exonerate the property from the operation of the lien thereof, might be matters of controversy. The judgment would serve,

therefore, to constitute a cloud upon the title, which might deter purchasers and impair the market value of the property. Where the incumbrance or defect in the title is real and not merely apparent, it cannot be removed, except by satisfying the incumbrance or supplying the defect, but the case before us belongs to that class where the statute gives to the judgment a *prima facie* validity. It cannot be said that the claim that the judgment in question constituted a lien upon the land was on its face absolutely without foundation, and that no extrinsic evidence was necessary to show its invalidity; or, to speak more accurately, that extrinsic evidence might not have shown its validity and binding force. On the contrary, here is a judgment which was a lien upon the land in the hands of Allan and James Scull, if they took it with notice of the existence of the judgment; that is to say, unless they were purchasers for value and without notice. Upon the proof of notice by extrinsic testimony depended the entire controversy. If the party claiming under the judgment could have proved notice upon them, the land could be subjected in their hands, and as long as such an issue could be made, the result of which depended upon extrinsic evidence, so long would that judgment constitute a cloud, which would have been a serious injury to plaintiff's title and greatly depreciated its value. See 3 Pomeroy's Equity (2nd Ed.), section 1399.

The decree is affirmed.

*Affirmed.*