# Richmond.

## ACKISS' EXECUTORS v. SATCHELL & OTHERS.

### December 14, 1905.

1. LIMITATION OF ACTIONS—*Judgments—Claim of Homestead—Suspension of Act.*—The prohibition to the enforcement of a judgment against property set apart as a homestead does not suspend the running of the statute of limitations as to the judgment. After the lapse of twenty years from the return day of an execution upon which there is a return by an officer, without a *scire facias* or action brought thereon in the meantime, the judgment is barred by limitation, and the lien, which is a mere incident of the judgment, ceases, unless the case is within some exception provided by the statute. A claim of homestead by the judgment debtor is not one of the exceptions mentioned in the statute, nor does the inability to enforce the judgment against the homestead prevent the suing out of an execution in order to keep the judgment alive.

2. LIMITATION OF ACTIONS—*Exceptions made by Courts.*—As a general rule, courts have no power to add to the exceptions contained in a statute of limitations. The fact that the Legislature has made some exceptions is an indication that no others should exist. The exceptions to the general rule are very limited in character, and are to be admitted with great caution.

3. JUDGMENTS—*Duration of Lien.*—A judgment may be kept alive perpetually by the issue of successive executions within the statutory period.

Appeal from a decree in chancery of the Law and Chancery Court of the city of Norfolk. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Burroughs & Bro.,* for appellants.

*White, Tunstall & Thom,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was brought in the year 1903 to enforce the lien of a judgment on land which had been held as a homestead. The homestead was set apart in January, 1875, and the judgment was rendered in December of that year. An execution was issued, returnable to March rules, 1876, and returned "no effects." The householder died in the year 1900, leaving neither widow, nor minor child.

The defense is that more than twenty years had elapsed from March, 1876, before the institution of this suit, and that the judgment was barred by the statute of limitations.

Section 3567 of the Code, so far as it affects this case, provides that "Every judgment for money rendered in this State, heretofore or hereafter, against any person, shall be a lien on all the real estate of or to which such person is or becomes possessed or entitled at or after the date of such judgment. . . . This section is qualified by section 3649 and the three following sections."

·By section 3573 of the Code it is provided, that "No suit shall be brought to enforce the lien of a judgment upon which the right to issue an execution, or bring a *scire facias,* or an action, is barred by sections thirty-five hundred and seventy-seven and thirty-five hundred and seventy-eight."

Section 3577, so far as it affects the question involved in this case, is as follows: "On a judgment, execution may be issued within a year, and a *scire facias* or an action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be

issued, or a *scire facias* or an action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return . . ."

Section 3578, among other things, provides that "No execution shall issue, nor any *scire facias* or action be brought, on a judgment in this State, other than for the Commonwealth, after the time prescribed by the preceding section, except that, in computing the time, any time during which the right to sue out execution on the judgment is suspended by the terms thereof, or by legal process, shall be omitted . . ."

It is conceded that, under the foregoing provisions of the Code, the right to issue execution, or bring a *scire facias* or action upon the judgment, or to enforce the lien thereof on real estate, other than the homestead, is barred by the statute of limitations. But it is insisted that under the provisions of section 3649 of the Code the right to subject the homestead land to the payment of the judgment is not barred. That section is as follows:

"When any person, entitled as a householder to the exemption provided for in section thirty-six hundred and thirty, ceases to be a householder, or when any person removes from this State, his right to claim or hold any estate as exempt under the provisions of this chapter shall cease; and upon the death of a householder, leaving neither wife nor minor children surviving him, or, if she or any of them survive him, and he leaves any estate which they or any of them are entitled to hold, or to have set apart to be held by them, as exempt under the preceding sections of this chapter, then upon her death or marriage, and if there be minor children, as soon as the youngest of those who attain the age of twenty-one years attains that age, or all marry, if they all marry before attaining that age, the exemption of any estate, real or personal, of such householder, then remaining and held as exempt under the provisions of this chapter, shall cease, and it shall pass as other real and personal

estate, according to the law of descents and distributions, or as the same may be devised or bequeathed by said householder, subject to his debts; but the lien of a judgment, or decree for money, rendered against a householder, and which is not paramount to the exemption provided for in this chapter, shall, as to the real estate held as exempt by him, his widow, or minor children, attach to such only of that estate as he may be possessed of or entitled to at the time the exemption thereof ceases, as aforesaid, and until that time the said lien shall not be enforced."

Prior to the Code of 1887, where that section first appears, there had been a diversity of opinion as to what interest or estate the householder had in the property set apart as his homestead. To put at rest, as far as possible, that vexed question was one of the objects of that section.

Judge Burks, one of the revisors of the Code of 1887, says that the "main object of that section in declaring when the exemption shall cease was to fix the time when the judgment lien shall attach to the exempted real estate; and it is declared that it shall not attach except to such real estate as the householder shall have at the time the exemption ceases, and it shall attach then. This leaves the householder at liberty, while the exemption continues, to alien the exempted real estate, free from any encumbrance by the lien of a judgment (in the absence of waiver) recovered during the time the right of exemption exists, and thus enables him to make a good title to the purchaser, at least so far as any such judgment is concerned." Burks' Address before the State Bar Association, Reports Va. Bar Asso., vol. 4, pp. 137-8; 2 Barton's Law Pr. (2nd Ed. 1402).

In *Williams* v. *Watkins,* 92 Va. 680, 24 S. E. 223, in construing that section, it was held that, as to debts not paramount to the homestead exemption, the householder or head of a family holds the property set apart exempt, and may alien the same at pleasure; and although a limit is fixed to the duration of the homestead, no lien attaches thereon until that time has arrived,

This being so, the judgment sued on never was a lien upon the homestead property.   It was not rendered until after the homestead had been set apart, and it was barred by the statute of limitations before the exemption ceased.   But if it were a lien, as the appellants insist, and they were prohibited from enforcing it until the exemption ceased, that prohibition did not suspend the running of the statute of limitations as to the judgment. ·

Section 3578 of the Code provides that "No execution shall issue, nor any *scire facias* or action be brought on a judgment in this State, other than for the Commonwealth, after the time prescribed by the preceding section, except that, in computing the time, any time during which the right to sue out execution on the judgment is suspended by the terms thereof, or by legal process, shall be omitted;   . . ."

Prohibiting the bringing of a suit to enforce the lien of a judgment is not one of the exceptions mentioned in the statute. The general rule is, that the courts have no authority to make any exception in favor of a party to protect him from the consequences of the statute, unless they come clearly within the letter of the saving clauses therein contained, and that the exercise of any such authority by the courts is an usurpation of legislative powers wholly unwarranted, and to which the courts should never resort.   By making the exceptions which exist in the statute, the Legislature has exercised its prerogative, and the fact that no others were made clearly indicates that no others should exist, and the courts have no power to add any, however much the ends of justice in a particular case may seem to demand it.   2 Wood on Lim., sec. 252; Angel on Lim., ss. 194, 476; *Bickle, &c.,* v. *Chrisman,* 76 Va. 678, 685; *Amy* v. *Watertown,* 130 U. S. 320, 32 L. Ed. 946, 9 Sup. Ct. 530.

There are, however, some exceptions to the general rule, it seems, and the statute may be suspended by causes not mentioned in the statute itself.   But the cases where the general

rule does not apply, as was said by the Supreme Court of the United States, in *Amy* v. *Watertown, supra,* are very limited in character, and are to be admitted with great caution; otherwise the courts would make the law instead of administer it.

The ground relied on in this case to take it out of the operation of the statute of limitations is not only not within the letter, but it it is not within the spirit of the statute, and none of the cases cited furnish a precedent for holding that the general rule is not applicable to the case. There is nothing in section 3649 which prohibited the judgment creditor or the appellants from issuing other executions, or bringing a *scire facias,* to keep the judgment alive so that when the exemption ceased they would have a lien. But if the judgment, to which the lien owes its existence, is barred by the statute of limitations— has ceased to exist—it is clear that the lien, which is a mere incident to the judgment, has also ceased to exist. *Fleming* v. *Dunlap,* 4 Leigh. 341; *Underbaugh, &c.,* v. *Reid,* 20 W. Va. 592.

The appellants' counsel insists, or at least suggests, that the utmost limit of a judgment is twenty years from the return day of an execution issued, and that the life of a judgment cannot be prolonged by issuing other executions.

Whilst doubts have been expressed by some members of the bar, and perhaps by some of the trial courts, whether or not under the provisions of section 3577 of the Code a judgment could be preserved in force after twenty years by issuing other executions, the better and the prevailing opinion seems to have been that it could. See Report of Revisors, Code of 1849, p. 920, note; *Rowe* v. *Hardy,* 5 Va. Law Reg. 672-675; Id. 861-2. But that question is no longer an open one, since the decisions of this court in *Gunnell* v. *Dixon,* 101 Va. 174, 43 S. E. 340, and *Wicks* v. *Scull,* 102 Va. 290, 46 S. E. 297, in which it was held that a judgment might be kept alive by the issue of other execu-

tions within the statutory period.   The same construction has been placed upon a similar statute by the Court of Appeals of the State of West Virginia.   *Laidley* v. *Kline,* 23 W. Va. 565; *Riely* v. *Clark,* 31 W. Va. 571, 8 S. E. 509.

We are of opinion that there is no error in the decree appealed from, and that it must be affirmed.

*Affirmed.*