# Richmond

## WESTERN UNION TELEGRAPH CO. v. WALKER BROS.

### March 12, 1914.

#### Absent, Cardwell, J.

1. TELEGRAPH AND TELEPHONE COMPANIES—*Delivery of Telegram—Use of Telephone—Custom of Local Agent—Penal Statute.*—There is no requirement in the statute (Code 1904, section 1294-h, clause 6) for the delivery of telegrams by telephone under any circumstances, nor for such delivery by messenger to an addressee or his agent outside the limits of the city or incorporated town in which the station is, unless the regulations of the company require such delivery, as it does not in the case at bar; and the penalty prescribed by said statute cannot be imposed for the breach of a custom of a local agent of the company to transmit messages through that medium for the accommodation of addressees residing outside the delivery limits. The statute is highly penal and cannot be extended by implication to cases which do not come plainly within its terms.

2. CONSTITUTIONAL LAW—*Validity of Statute—When Not Decided.*—When a cause can be properly disposed of on other grounds the constitutionality of a statute called in question will not be decided.

Error to a judgment of the Circuit Court of Northampton county in a proceeding by motion for a judgment. Judgment for the plaintiff. Defendant. assigns error.

*Reversed.*

The opinion states the case.

*Hughes, Little & Seawell,* for the plaintiff in error.

*Jno. E. Nottingham, Jr.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review the judgment of the Circuit Court of Northampton county, awarding to the defendant in error the statutory penalty for the alleged violation of section 1294-h, clause 6, of the Code in relation to the delivery of telegraphic messages.

The portion of the clause applicable to this case is as follows: "It shall be the duty of every telegraph company, upon the arrival of a dispatch or message at the point to which it is to be transmitted, to cause the same to be forwarded by a messenger to the person to whom the same is addressed or his agent, and upon the payment of any charges due on this dispatch or message to deliver it; provided such person or agent reside within the city or incorporated town in which such station is, or that at such point the regulations of the company require such delivery."

The message in question was an interstate message addressed to the defendants in error at Exmore, Virginia. The addressees did not reside at Exmore but at Willis' Wharf, a village distant one and one-third miles therefrom. The message was received at Exmore on Saturday night, November 23, 1912, and upon its receipt Manager Byrd of the telegraph company attempted to telephone it out to the addressees but found that their office had closed. The day following being Sunday no further attempt was made to 'phone the message until Monday morning, when Byrd testified that he called for the addressee's office over the 'phone and read the message to the person answering the call.

Plaintiffs testified that they were in or near their office all of Monday morning and that no message was delivered to them at their office over the 'phone.

In our view of the matter this issue of fact between

the parties is immaterial. While it was the custom of the operator at Exmore to telephone messages addressed to the defendants in error at that place to their office at Willis' Wharf, section 1294-h, clause 6, imposed no such duty upon the telegraph company. As we have seen, the statutory requirement is that the company shall cause such message to be forwarded by a *messenger* and to deliver it to the addressee or his agent, provided such person or his agent reside within the city or incorporated town in which the telegraph station is, or that at such point the regulations of the company require such delivery. There is no requirement in the statute for the delivery of messages by telephone under any circumstances, nor for such delivery by messenger to an addressee or his agent outside the limits of the city or incorporated town in which the station is, unless the regulations of the company require such delivery. In this case the uncontradicted evidence is that the regulations of the company did not require the delivery of messages addressed to Exmore at Willis' Wharf.

In these circumstances, it is clear that the plaintiff in error cannot be penalized under the statute. Section 1294-h, clause 6, does not require the forwarding of messages by telephone, and the penalty prescribed cannot be imposed for the breach of a custom of a local agent of the company to transmit messages through that medium for the accommodation of addressees residing outside of the delivery limits. The statute is highly penal, and upon well settled principles it cannot be extended by implication to cases which do not come plainly within its terms.

The plaintiff in error also contended that the State statute contravenes Art. I, sec. 8, cl. 3, of the Constitution of the United States conferring upon Congress power to regulate commerce among the States, and par-

ticularly an act of Congress, passed in pursuance thereof on June 18, 1910, regulating telegraph companies doing an interstate business. Inasmuch, however, as the case has been disposed of on other grounds, it is unnecessary to consider this important constitutional question. *Gale & Eason* v. *Com'th,* 115, Va. 958, 80 S. E. 841.

For the foregoing reasons the judgment of the circuit court must be reversed, the verdict of the jury set aside, and the case remanded for further proceedings.

*Reversed.*