# Richmond.

## COMMONWEALTH v. BARROW.

### January 13, 1916.

#### Absent, Cardwell, J.

1. SCHOOL TRUSTEES—*Penalties—Limitation of Actions—Code, Sections 1472 and 3889.*—The penalty imposed upon a school trustee by section 1472 of the Code, as amended, for having any pecuniary interest, directly or indirectly, in any contract for building a public free schoolhouse, or in furnishing material to a contractor for building such schoolhouse, is incurred and the offense is complete when the pecuniary interest is acquired, or the material is furnished, regardless of the time when payment is made, and the action to recover such penalty must, under the terms of section 3889, be commenced within one year from that time. The offense is not a continuous one, and the statute, being highly penal, must be strictly construed, and its terms cannot be extended by doubtful implication.

Error to a judgment of the Circuit Court of Brunswick county in an action of debt. Judgment for the defendant. Commonwealth appeals.

*Affirmed.*

The opinion states the case.

*Jno. Garland Pollard, Attorney-General, C. B. Garnett, Assistant Attorney-General,* and *E. P. Buford,* for the Commonwealth.

*Turnbull & Turnbull,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

In June, 1914, the Commonwealth of Virginia brought an action of debt in the Circuit Court of Brunswick county against

C. S. Barrow, a school trustee in one of the districts of that county, to recover the amount of two penalties for violations of section 1472 of the Code, as amended by Acts of 1908, p. 295.

The act, among other things, declares, that "No . . . trustee . . . shall have any pecuniary interest, directly or indirectly, in any contract for building a public free schoolhouse or in furnishing material to a contractor for building such schoolhouse, . . ." And furthermore that, for those offenses, such officer, "besides being removed from his post, shall be subject to a penalty of not less than ten nor more than five hundred dollars." The act also provides that, "Any . . . . trustee violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than twenty dollars nor more than five hundred dollars, and in the discretion of the jury may be imprisoned in the county or corporation jail not more than six months, and the judge of every circuit and corporation court in the Commonwealth shall give this law especially in charge to every grand jury empaneled therein."

Section 1475 provides that, "The suit for such penalties shall be in the name of the Commonwealth, and if prosecuted in a court of record, it shall be the duty of the attorney for the Commonwealth for the county to conduct the same."

Section 3889 prescribes, ". . . and a prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty, or amercement, shall be commenced within one year next after there was cause therefor."

It is conceded that the defendant in error, Barrow, was guilty of the violation of section 1472, in two particulars—(a) in acquiring a pecuniary interest in a contract for building a public free schoolhouse, and (b) in furnishing material to a contractor for building such schoolhouse. It is also conceded that this action was not commenced within one year next after the defendant committed the offenses specified.

In these circumstances, at the request of the defendant, the

court instructed the jury, "that although they believed from the evidence that the defendant furnished material and acquired a pecuniary interest in a contract with Hamilton (the contractor) to build certain schoolhouses  .  .. ., yet they cannot find for the plaintiff unless they further believe from the evidence that said material was furnished and said pecuniary interest was acquired  .  .  .  within one year prior to June 13, 1914 (the date of the institution of the action)." Thereupon, the jury returned a verdict for the defendant, and upon that verdict the judgment under review was rendered.

The learned attorney-general seeks to escape the consequences of the act of limitation on the theory that all the money that Barrow was to receive under the contract had not been paid at the time the action was brought, and that the offense was continuous until the agreement was fully consummated.

We cannot concur in that interpretation of a statute which is not only highly penal in its character, but which also declares that its violation shall constitute a misdemeanor punishable by fine, and, in the discretion of the jury, imprisonment. By the plain language of the act the offense is complete when the pecuniary interest is acquired, or the material is furnished, and the terms of section 3889 cannot be extended by doubtful implication. This must have been the view taken by counsel when this suit was brought, otherwise its institution would have been premature.

In *Ackiss* v. *Satchell,* 104 Va. 700, 704, 52 S. E. 378, 379, it is said: "The general rule is that the courts have no authority to make any exception in favor of a party to protect him from the consequences of the statute, unless they come clearly within the letter of the saving clauses therein contained, and that the exercise of any such authority by the courts is an usurpation of legislative powers wholly unwarranted, and to which the courts should never resort. By making the exceptions which exist in the statute, the legislature has exercised its prerogative, and the fact that no others were made clearly indicates that no others

should exist, and the courts have no power to add any, however much the ends of justice in a particular case may seem to demand it. 2 Wood on Lim., sec. 252; Angel on Lim., secs. 194, 476; *Bickle, etc.,* v. *Chrisman,* 76 Va. 678, 685; *Amy* v. *Watertown,* 130 U. S. 320, 9 Sup. Ct. 537, 32 L. Ed. 946."

It was said by Marshall, C. J., in *United States* v. *Wiltberger,* 5 Wheat. 76, 5 L. Ed. 37, that "the rule that penal laws are to be construed strictly is, perhaps, not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. . . . The case must be a strong one, indeed, which would justify a court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves do not suggest. To determine that a case is within the intention of a statute, its language must authorize us to say so." *U. S.* v. *Lacher,* 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080; *Gates & Son Co.* v. *Richmond,* 103 Va. 702, 49 S. E. 965; *Western Union Tel. Co.* v. *Walker Bros.,* 116 Va. 255, 81 S. E. 74.

The judgment complained of is without error, and must be affirmed.

*Affirmed.*