# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Betty C. Alsop

November 8, 1974

Ended File No. 2085

By JUDGE JOHN A. JAMISON

I have carefully considered each of your respective positions concerning forfeiture of the money and personal effects seized from the above-named Defendant and, I believe, two others.

After careful study of the cases cited, I am of the opinion that that of *Commonwealth v. Barrow*, 118 Va. 257 (1916), rather than the other two cases cited, one by the Commonwealth and the other by the Petitioner, governs this situation.

It is clear that Section 19.1-8 of the Code is intended to cover forfeiture proceedings, as well as several others listed therein. The Supreme Court in *Barrow* has so stated. There does not seem to be any decision to the contrary and I have attempted to research the question down to date.

It appears from the record as well as by concession of the Commonwealth that the action for the forfeiture in the case at bar was not filed until June 19, 1974. Following the reasoning in the *Barrow* case, the "cause" arose at least no later than the seizure of the items now sought to be recovered. This was well over the required period of one year.

The Supreme Court emphasized that the forfeiture statute in question is penal in nature and must be strictly construed. Therefore, the commencement of the action,

to be safely within the statutory requirements, must have been begun within one year, but it was not.

Therefore, the plea in abatement will be upheld and the petition for the return of the seized property which comes within the purview of this finding, in all three cases, must be granted.