IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

DAVID LEONARD,
Defendant Below, Petitioner

v.) No. 24-ICA-210    (Cir. Ct. Jefferson Cnty. Case No. CC-19-2012-C-71)

WELLS FARGO,
Plaintiff Below, Respondent

FILED
March 24, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

MEMORANDUM DECISION

Petitioner David Leonard appeals the April 23, 2024, Order Reviving Judgment from the Circuit Court of Jefferson County. The order granted respondent Wells Fargo's petition for a writ of scire facias to renew a $103,012.11 judgment entered against Mr. Leonard and in favor of Wells Fargo on September 10, 2013. Wells Fargo filed a summary response in support of the circuit court's order.[1] Mr. Leonard did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The sole issue on appeal is the circuit court's interpretation and application of certain provisions of West Virginia Code to grant Wells Fargo's request for a writ of scire facias. The facts of this case are not in dispute. On February 28, 2012, Wells Fargo filed a complaint in circuit court against David Leonard and others[2] related to a delinquent balance on a line of credit previously granted to Mr. Leonard's construction company.

The parties reached a settlement and jointly moved for the circuit court to enter a judgment order in the case. By Final Judgment Order entered on September 10, 2013, the circuit court entered a joint and several judgment against Mr. Leonard and his co-defendants for $103,012.11 plus interest, in favor of Wells Fargo. Following the entry of

---

[1] Mr. Leonard is represented by Christopher P. Stroech, Esq. Wells Fargo is represented by Paul C. Kuhnel, Esq.

[2] The complaint named Mr. Leonard, Patricia Sanderson, and Shenandoah Construction Management, LLC, as defendants. For reasons not apparent in the record, Wells Fargo only sought to revive the judgment against Mr. Leonard.

1

that order, no payments were made by any defendant towards satisfying the judgment and Wells Fargo admittedly took no action to execute on the judgment.

However, on July 21, 2023, Wells Fargo filed an amended abstract of judgment against Mr. Leonard, as well as a corresponding Petition to Renew or Revive Judgment in circuit court, which sought "a writ of scire facias and/or to revive or renew" the September 10, 2013, final judgment for an additional ten years pursuant to West Virginia Code § 38-3-18 (2008). On November 1, 2023, Mr. Leonard filed a Motion to Vacate Judgment which argued that because Wells Fargo failed to pursue a writ of execution within ten years of the judgment, pursuant to West Virginia Code §§ 38-3-7 and -18, the circuit court should vacate the final judgment order. Following a hearing on November 2, 2023, Mr. Leonard filed a subsequent motion on November 3, 2023, acknowledging that the judgment could not be vacated by law, and that, instead, he was asking that Wells Fargo's motion be denied because a writ of execution was not sought within the applicable ten-year limitation period. W. Va. Code §§ 38-3-18 and -19.

On April 23, 2024, the circuit court entered the order presently on appeal. The order found that while it was undisputed that no execution was issued within ten years, it was equally undisputed that Wells Fargo had filed a petition seeking a writ of scire facias within ten years from the date that final judgment was entered. Thus, the circuit court determined that the dispositive question in the case was whether Wells Fargo's request for a writ of scire facias had the same operative effect as the issuance of a writ of execution under West Virginia Code §§ 38-3-18 and -19. The circuit court answered this question in the affirmative.

In support of its conclusion, the circuit court began by citing provisions of West Virginia Code § 38-3-18, which state:

> (a) On a judgment, execution may be issued within ten years after the date thereof. Where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an officer, or which has been returned unsatisfied. . . .

> (c) An action, suit or scire facias may be brought upon a judgment where there has been a change of parties by death or otherwise at any time within ten years next after the date of the judgment; or within ten years from the return day of the last execution issued thereon on which there is no return by an officer or which has been returned unsatisfied. But if such action, suit or scire facias be against the personal representative of a decedent, it shall be brought within five years from the qualification of such representative.

The circuit court also cited West Virginia § 38-3-19 (1882):

2

No execution shall issue, nor any action, suit or scire facias be brought on any judgment in this State after the time prescribed in the preceding section, except that in computing the time, any time during which the right to sue out execution on the judgment is suspended by the terms thereof, or by legal process, shall be omitted from the computation; and sections fifteen, sixteen, seventeen and eighteen, article two, chapter fifty-five of this Code shall apply to the right to bring such action, suit or scire facias, in like manner as to any right, action, suit or scire facias mentioned in those sections; and except that when the judgment is for a sum ascertained, and such further sums as may be afterwards assessed, or be found due upon a scire facias assigning a further breach, as provided in section thirty, article six, chapter fifty-six of this Code, such scire facias may be brought within ten years after such breach.

Then, the court turned to legal precedent and noted that in *Lamon v. Gold*, 72 W. Va. 618, 621-22, 79 S.E. 728, 729 (1913), our Supreme Court of Appeals explained:

The creditor's right to the lien of his judgment is gone forever when his right to sue out execution on the judgment *or to revive it by scire facias* is barred. In *Werdenbaugh, Adm'r, v. Reid*, 20 W. Va. 588, it was held that: "The lien of a judgment ceases when the right to sue out execution[ ] on the judgment *or to revive it by scire facias* is barred by the statute of limitations." The same question was decided in *Shipley v. Pew*, 23 W. Va. 487, and in *Reilly v. Clark*, 31 W. Va. 573, 8 S. E. 509. In the latter case Judge Snyder, in his opinion at page 573 of 31 W. Va., page 510 of 8 S. E., says that it has been repeatedly decided and has become the settled law of this state. One who seeks the enforcement of a right must certainly satisfy the court that the right exists; and if his bill is brought to enforce a judgment lien which the court sees does not exist, because the creditor's right to sue out execution on, *or to revive, his judgment by scire facias* is barred, it will not enforce it. It does not follow that, because a creditor obtained a judgment against his debtor, he may, at any time thereafter, enforce it as a lien against his debtor's land. If it is more than ten years old, he must show that he has kept it alive.

*Id.* (emphasis added). The circuit court also cited *Zanke v. Zanke*, 185 W. Va. 1, 4 n.7, 404 S.E.2d 92, 95 n.7 (1991) (per curiam), which commented that "*Lamon v. Gold* recognized that under the provisions of W. Va. Code [§] 38–3–19, the ten-year period may be extended under the specific exceptions noted therein even though an execution is not issued. . . ." *Id.*

Considering those authorities, the circuit court stated that it was convinced that "executions and actions by scire facias are effectively interchangeable for purposes of refreshing the ten-year limitation period set forth in [West Virginia] Code § 38-3-18. Writs of execution are not the exclusive means of keeping a judgment alive."

3

The circuit court found that Rule 69(a) of the West Virginia Rules of Civil Procedure supported its conclusion. This Rule states:

> Process to enforce a judgment for the payment of money shall be a writ of execution, a writ of suggestee execution and such other writs as are provided by law. The procedure on execution and other such final process, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution or such other final process shall be in accordance with the practice and procedure prescribed by the laws of the State existing at the time the remedy is sought, subject to the following qualifications: (1) A writ of execution shall be made returnable not less than 30 days nor more than 90 days after issuance, as directed by the person procuring issuance of the writ; and (2) an answer to a summons issued in a suggestion proceeding shall be served upon the plaintiff within 21 days after service of the summons; and (3) a return on a writ of suggestee execution shall be made promptly on the expiration of one year after issuance of the writ.

In applying this Rule, the circuit court determined that while writs of scire facias are not expressly mentioned in the West Virginia Rules of Civil Procedure, the writs are codified within the West Virginia Code and, thus, qualify as "such other writs" as set forth under Rule 69(a). The circuit court found that neither West Virginia Code §§ 38-3-18 nor -19 requires contemplation of whether prejudice occurred to the debtor before the ten-year limitation operates to preclude enforcement of the judgment. Instead, it is a bright line rule, requiring the creditor to take action to signal to the debtor that it does not intend to waive its right to collect on the judgment.

Ultimately, the circuit court concluded that Wells Fargo's petition was filed within ten years of the judgment and that such action was sufficient to keep the judgment alive. It was also noted that other than unsuccessfully arguing a writ of execution was the sole judgment saving method available under West Virginia Code §§ 38-3-18 and -19, Mr. Leonard raised no other defense to Wells Fargo's request to revive the judgment. Accordingly, the circuit court reinstated the judgment with seven percent post judgment interest from September 10, 2013. The court further found that the ten-year limitation period began anew, effective July 21, 2023. This appeal followed.

On appeal, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

4

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

On appeal, Mr. Leonard contends that the circuit court erred by finding that Wells Fargo's actions were sufficient to renew the judgment. Specifically, he asserts that even though Wells Fargo filed a request for a recognized writ with the circuit court within ten years of the judgment, because no writ was issued by the court before September 9, 2023, the judgment could not be renewed. In other words, Mr. Leonard maintains that pursuant to statute, a judgment can only be renewed if the circuit court issues the writ before expiration of the ten-year limitation period.

To support his position, Mr. Leonard argues that to extend the life of a judgment, our law requires executions on judgments to be *issued* within ten years of the judgment. *See* W. Va. Code § 38-3-7 (1921) (stating, in part, that a judgment lien is not valid against a bona fide purchaser after ten years, "unless within such ten years an execution shall have issued on such judgment and such execution[,] or a copy thereof be filed in the office of such clerk"); W. Va. Code § 38-3-18(a) ("On a judgment, execution may be issued within ten years after the date thereof").[3][4] Upon review, we are not persuaded by Mr. Leonard's contention.

We begin by reiterating our deferential standard of review. To that end, it has been explained that "[a] finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," and "a party does not meet this burden by suggesting that the findings are maybe or probably wrong." *Argus Energy, LLC v. Marenko*, 248 W. Va. 98, 105, 887 S.E.2d 223, 230 (2023) (citations and quotations omitted). Further, when reviewing a lower court's ruling for an abuse of discretion, "[o]nly where we are left with a firm conviction that an error has been committed may we

---

[3] Interestingly, Mr. Leonard also contends that Wells Fargo erred by not framing its request for a writ of execution as one for a writ of fieri facias instead of a writ of scire facias. *See* W. Va. Code §§ 38-4-5 and -6. However, Mr. Leonard's brief concedes that "a writ of scire facias is indeed a writ of execution[.]" As such, we find his contention of no import.

[4] In passing, Mr. Leonard further contends that Wells Fargo did not properly file its request for a writ as a "post judgment action" within the circuit court's e-filing system. We decline to give this fleeting argument consideration. *Megan W. v. Robert R.*, No. 23-ICA-353, 2024 WL 1592600, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim[.]' ") (quoting *State v. Lambert*, 236 W. Va. 80, 100, 777 S.E.2d 649, 669 (2015)); *see also State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("issues which are . . . mentioned only in passing . . . are not considered on appeal")).

legitimately overturn a lower court's discretionary ruling." *Covington v. Smith*, 213 W. Va. 309, 322, 582 S.E.2d 756, 769 (2003). In other words,

> Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.

*Id*. at 322-23, 582 S.E.2d at 769-70 (citations and quotations omitted).

Here, Mr. Leonard rests his appeal on the meaning and application of the statutory term *issued* and suggests that "[t]he varying [p]etitions and [m]otions filed by Wells Fargo, even if all were timely granted, would not have caused any writ to be properly **issued**." Critically, however, this was not the focus of the circuit court's analysis and ultimate determination below. Instead, the circuit court framed the issue as whether a writ of scire facias could operate to renew a judgment. Nothing within the four corners of the circuit court's order mentions or otherwise offers a statutory interpretation of the term *issued*.

Moreover, Mr. Leonard does not raise an assignment of error on appeal which alleges that the circuit court either failed to address this issue below or to challenge the circuit court's analysis which formed the basis of its decision. Instead, he seeks factual determinations and legal conclusions from this Court for an argument that was not addressed in the ruling below. We have previously recognized the "general rule [that] an appellate court will not consider an issue raised for the first time on appeal." *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023). Further, Mr. Leonard cites no legal precedent to show the circuit court's application of the law was incorrect, let alone any authority, other than citing to isolated language within a small number of statutes, to support his own interpretation of the West Virginia Code.[5]

In this case, the circuit court determined that by filing a petition for a proper writ within ten years of the judgment, Wells Fargo complied with West Virginia Code §§ 38-3-18 and -19 and was entitled to renewal of the subject judgment. Based on the record before us, we cannot conclude that the circuit court's factual findings are clearly erroneous or that its ultimate disposition of this case is an abuse of discretion.

---

[5] Likewise, to accept Mr. Leonard's argument it would have to be inferred that the subject statutes grant a litigant the authority to dictate a circuit court's management of its docket. To adopt such a position would be in contravention of the well-established principle that: "Trial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket." Syl. Pt. 2, *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W. Va. 463, 475 S.E.2d 555 (1996).

Accordingly, the circuit court's April 23, 2024, Order Reviving Judgment is affirmed.

Affirmed.


**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

7