[No. 15678.   Department One.—April 30, 1895.]

CENTRAL LUMBER AND MILL COMPANY, RESPONDENT, *v.* JOHN CENTER ET AL., DEFENDANTS, NATHAN COHEN, APPELLANT.

APPEAL—VALIDITY OF BOND—MOTION FOR JUDGMENT AGAINST SURETIES. Where a bond on appeal has no validity as a statutory bond a motion for a judgment thereon against the sureties should be denied, even if shown to be supported by a consideration, and to be good as a common-law bond.

ID.—BOND TO STAY EXECUTION—FORECLOSURE OF MECHANIC'S LIEN.—A bond to stay execution upon appeal from a decree foreclosing a me-

chanic's lien must be given under section 945 of the Code of Civil Procedure, concerning appeals from judgments or orders directing the sale of real property; and a mere bond in double the amount of the judgment against the owner of the premises, not conditioned as required by section 945, does not have the effect to stay execution of the judgment.

ID.—PERSONAL ACTION—CONSTRUCTION OF CODE.—The personal action provided for in section 1197 of the Code of Civil Procedure is a simple action upon the contract against the person who purchased the materials for the contractor or owner, and has no reference to the lien given by the statute.

ID.— ACTION TO FORECLOSE LIEN — PERSONAL JUDGMENT — EXECUTION.— Where the action is to foreclose a mechanic's lien upon the property of the owner plaintiff may recover the cost of filing the lien and attorneys' fees which cannot be recovered in a personal action, and there is no mode of enforcing the judgment other than by a sale of the property and docketing a deficiency judgment against the defendant who may be liable therefor, and no execution as upon a mere personal judgment can be issued, unless by direction of the court, upon a showing that the property upon which the lien was adjudged is no longer available.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Marcus Rosenthal,* for Appellant.

The undertaking was without consideration; hence created no valid obligation on the part of the sureties, and the judgment against them is erroneous. (*Powers* v. *Chabot,* 93 Cal. 266; *McCallion* v. *Hibernia etc. Society,* 98 Cal. 442.)

*H. A. Powell,* for Respondent.

HAYNES, C.—The Central Lumber and Mill Company brought an action against Center, Joseph Davis *et al.,* to foreclose a lien upon the leasehold interest of said Davis in a certain lot for materials furnished by the plaintiff to said Davis as owner. The action was dismissed as to all the defendants except Joseph Davis.

The judgment, so far as material to the questions involved, was that the plaintiff have and recover judgment against defendant Joseph Davis in the sum of one

hundred and ninety-eight dollars and forty-seven cents, with interest, . . . . and for the sum of five dollars cost of filing the notice of lien herein, and twenty-five dollars counsel fees herein, making in all the sum of two hundred and forty-five dollars and eighty cents, together with plaintiff's costs and disbursements herein, amounting to the sum of thirty dollars and twenty-five cents; and said sums are a lien upon the building upon the land hereinafter described and the interest of Joseph Davis in said land," and, after stating said interest and describing the property, directed that it be sold by the sheriff, according to law and the practice of the court.

Davis appealed from that judgment, and, in addition to the ordinary three hundred dollars undertaking for the prosecution of the appeal and the payment of costs and damages, as required by section 941 of the Code of Civil Procedure, gave an undertaking to stay execution in double the amount of the judgment under section 942 of the Code of Civil Procedure, which provides for appeals from judgments or orders directing the payment of money.

Said appeal was dismissed, and, after the remittitur went down, the superior court allowed respondent's counsel a fee of fifty dollars for services in the supreme court under section 1195 of the Code of Civil Procedure, relating to the enforcement of mechanics' liens, and, upon motion, entered judgment against the sureties in said undertakings on appeal, and from that judgment Nathan Cohen, one of said sureties, appeals.

Appellant contends that the court erred in granting the plaintiff's motion for judgment against the sureties; that, as to the first undertaking, no costs or damages were awarded the plaintiff upon the dismissal of the appeal; and, as to the undertaking to stay execution, that it was unauthorized by the statute and ineffectual to stay the execution of the judgment, and was therefore without consideration; that it should have been given under section 945 of the Code of Civil Procedure, which provides: "If the judgment or order appealed from

direct the sale or delivery of possession of real property the same cannot be stayed, unless a written undertaking be executed . . . . to the effect that, during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that, if the judgment be affirmed or the appeal dismissed, he will pay the value of the use and occupation from the time of the appeal until the delivery of the possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court . . . . and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency."

Where a bond on appeal has no validity as a statutory bond a motion for judgment thereon should be denied, even if it could be shown to be supported by a consideration, and to be good as a common-law bond. (*Powers* v. *Chabot*, 93 Cal 266; *McCallion* v. *Hibernia etc. Soc.*, 98 Cal. 442.)

The question, therefore, is whether the bond here given was sufficient to stay the execution of the judgment. If it was, the motion for judgment thereon was rightly granted. If not, the judgment must be reversed.

It is contended by respondent that there was a personal judgment in the original action against Davis, and that his appeal was taken from that judgment; and counsel refers to the notice of appeal, in which it is said that he appeals from a judgment against him rendered on a day named for certain sums of money, stating the different items amounting in all to the sum of three hundred and six dollars, "and from the whole thereof." The judgment, however, declared a lien for all the moneys mentioned upon certain property therein described, and ordered a sale of that specific property; and the notice of appeal embraced this part of the judgment, as well as that fixing the extent of his liability.

It is quite true that Davis, having bought the ma-

terials from plaintiff as owner, was personally liable for the full amount, whether the property was sufficient to pay it or not; and it is also true that section 1197 of the Code of Civil Procedure provides that: "Nothing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished to maintain a personal action to recover such debt against the person liable therefor."

But, where the action is to foreclose the lien, the defendant being also personally liable, the whole amount due is ascertained, "and whenever, in the sale of the property, there is a deficiency of proceeds judgment may be docketed for the deficiency in like manner and with like effect as in actions for the foreclosure of mortgages" (Code Civ. Proc., sec. 1194), while the personal action provided for is a simple action upon the contract against the person who purchased the materials, whether contractor or owner, and has no reference to the lien given by the statute. And in such action the plaintiff, even though he filed a lien, cannot include the cost of filing, nor can he recover attorney's fees, those items being incident to a foreclosure of the lien and not to the personal action. (*Bates* v. *Santa Barbara County*, 90 Cal. 543, 548.)

The code provisions relating to the foreclosure of mechanics' liens provide no mode of enforcing the judgment other than by a sale of the property and docketing a deficiency judgment against the defendant who may be liable therefor; and in Phillips on Mechanics' Liens, section 458, it is said: "The execution to be issued for the enforcement of the lien is generally provided for by express enactment. . . . . . Unless otherwise provided the execution is always special against the particular property encumbered with the lien."

I conclude, therefore, that an execution as upon a mere personal judgment could not have been issued and levied upon the property of the defendant had the undertaking in question not been given, unless by di-

rection of the court upon a showing that the property upon which the lien was adjudged was no longer available, and that the bond given did not operate to stay the enforcement of the lien upon the property described in the judgment. That a bond conditioned as required by section 945 of the Code of Civil Procedure, concerning appeals from judgments or orders directing the sale or delivery of real property, is proper, where the appeal is from a judgment foreclosing a mechanic's lien, was held in *Corcoran* v. *Desmond*, 71 Cal. 100, 102.

It is said by respondent, it its brief, that at the time the judgment was entered in the original action the leasehold interest of Davis had expired and was worthless, and that his only concern was to stay execution for the payment of the money.

The judgment recites that the lease was for the period of five years from April 1, 1889. The judgment is dated September 2, 1891, and the undertaking on appeal was filed November 12, 1891, and there is nothing in the record tending to show that the lease was forfeited, or that from any cause the interest of Davis had ceased or become valueless. The other surety does not appeal.

The judgment appealed from, so far as it affects appellant Cohen, should be reversed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed so far as it affects appellant Cohen.

TEMPLE, J., McFARLAND, J., HENSHAW, J.