[No. 21. First Appellate District.—June 1, 1905.]

C. S. OLSEN, Respondent, v. W. H. BIRCH & CO. et al., Defendants; HERMAN ZADIG, and JAMES SMITH, Appellants.

FORECLOSURE OF LIENS ON VESSEL—STAY-BOND ON APPEAL—VOID BOND —ERRONEOUS JUDGMENT AGAINST SURETIES.—Upon appeal from a judgment against the owners of a vessel foreclosing liens against the

vessel and providing for a sale of the vessel, with engines, boilers, tackle, apparel, and furniture, under the provisions of section 813 et seq. of the Code of Civil Procedure, the ordinary bond on appeal is sufficient to stay execution, and a stay-bond given under section 942 of the Code of Civil Procedure in twice the amount found due is without consideration and void, and a judgment against the sureties thereupon must be reversed.

ID.—SHOWING OF ERROR—SERVICE OF BILL OF EXCEPTIONS.—Where the erroneous judgment against the sureties on the void stay-bond appears on the face of the judgment-roll, exclusive of the bill of exceptions, it is immaterial whether the bill of exceptions was not served in time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

E. L. Campbell, J. S. Spilman, and A. A. Sanderson, for Appellants.

H. W. Hutton, for Respondent.

COOPER, J.—Plaintiff recovered a judgment of foreclosure and sale against defendants, W. H. Birch & Co. and the Yukon and Northwestern Dredging and Transportation Company, as owners of the steamship City of Dawson for the foreclosure of certain liens against the said vessel, under the provisions of chapter 6, sections 813 et. seq., of the Code of Civil Procedure, relating to actions against steamers, vessels, and boats.

The defendants appealed from the judgment and decree so made, and gave an undertaking, with appellants as sureties, in double the amount of the judgment, for the purpose of staying execution thereon. The judgment was affirmed on appeal (133 Cal. 479,[1] [65 Pac. 1032]), and upon filing the *remittitur* in the court below, on motion of counsel for plaintiff, judgment was ordered and entered without notice against the appellants as sureties on said undertaking for the amount of the judgment with interest and costs. From this judgment this appeal is taken.

The sole question is as to whether there was any consideration for said undertaking. If there was no consideration the sureties are not liable, and the judgment must be reversed.

[1] 85 Am. St. Rep. 215.

In the judgment of foreclosure, which was the subject of the former appeal, it was decreed that plaintiff have judgment against the Yukon and Northwestern Dredging and Transportation Company for the sum of three hundred and eighty dollars, besides interest and costs, which judgment provided "that the steamship City of Dawson, her engines and boilers, tackle, apparel, and furniture are liable for the payment of said sums, and it is further ordered that the sheriff of the city and county of San Francisco, state of California, be and he is hereby ordered and directed to sell the said steamer, her said engines and boilers, tackle, apparel, and furniture in the manner provided by law, and out of the proceeds arising from such sale he retain his fees, disbursements and commissions," and pay to plaintiff the amount so found to be due him, with costs.

The contention of plaintiff is, that this judgment is one which "directs the payment of money" within the meaning of section 942 of the Code of Civil Procedure, and that there should have been given, and the undertaking was given, in twice the amount of the judgment, and stayed the execution of the judgment pending the appeal.

If the judgment obtained in the foreclosure proceedings was a judgment directing the payment of money within the meaning of the section quoted, then the appeal bond is supported by a valid consideration, but we do not think it was such judgment.

It was found that the steamship City of Dawson, her engines, boilers, tackle, etc., were liable for the payment of the amount due plaintiff. No personal judgment is directed to be entered. In *Owen* v. *Pomona Land etc. Co.*, 124 Cal. 331, [57 Pac. 71], the decree directed that plaintiff recover judgment against defendant for the amount of the several sums of money named, and that the land and stock be sold, and the proceeds applied to the payment of the amount found due. The court held that it was not a judgment directing the payment of money within the meaning of section 942, and in the opinion it said: "This language considered by itself certainly does sustain the contention of respondent. But it cannot be taken by itself disconnected from other parts of the decree, and when the whole decree is read together it is found to be in substance an ordinary decree of foreclosure, in which

certain property is ordered sold and its proceeds applied upon an ascertained debt.'' The case of *Central Land etc. Co.* v. *Center,* 107 Cal. 193, [40 Pac. 334], is to the same effect.

In speaking of a judgment for the direct payment of money under section 942, the court said, in. *Kreling* v. *Kreling,* 116 Cal. 460, [48 Pac. 383] : ''That section is applicable to a judgment which directs payment by the defendant of a specific amount of money, and which can be directly enforced by a writ of execution, but has no application to a judgment which may be satisfied in either of two or more modes, or which cannot be enforced against the defendant until after the plaintiff has exhausted another remedy, and when he is liable for only a deficiency in the proceeds of certain property which is primarily chargeable therefor.''

Section 949 of the Code of Civil Procedure provides: ''In cases not provided for in sections 942, 943, 944, and 945, the perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section 941, stays proceedings in the court below upon the judgment and order appealed from.'' The section excepts certain cases of which this is not one.

The three-hundred-dollar undertaking provided for in section 941 as to damages and costs was given.

Section 943 provides that judgments directing the assignment or delivery of documents or personal property, and judgment directing a sale of personal property upon the foreclosure of a mortgage thereon, may be stayed by the things required to be assigned or delivered being placed in the custody of such officer or receiver as the court may appoint, or by executing an undertaking in an amount to be fixed by the court or a judge thereof and in the manner prescribed as to the particular judgment. Section 944 provides that a judgment directing the execution of a conveyance may be stayed by the execution of the conveyance and depositing it with the clerk.

Section 945 provides that if the judgment direct the sale or delivery of the possession of real property, it may be stayed by executing an undertaking to the effect prescribed in the section and in the amount fixed by the court.

We are unable to escape the conclusion that as this case is not one provided for in either of the sections referred to in section 949, the perfecting of the appeal by giving the three-hundred-dollar undertaking stayed proceedings in the court below pending the appeal. The undertaking executed by appellants was unnecessary and did not stay the execution, and worked no detriment or injury to plaintiff. Appellants received nothing for executing and giving the undertaking. Plaintiff did not agree to forbear, or do any other act to his injury.

In *Powers* v. *Chabot,* 93 Cal. 266, [28 Pac. 1070], a judgment had been obtained for the foreclosure of a chattel mortgage. On appeal, in addition to the three-hundred-dollar bond, a stay-bond in double the amount of the judgment was given. It was held that the bond was without consideration and void as to the sureties. The court said: "The undertaking was not given in pursuance of any agreement between the parties, but simply to secure a statutory privilege. It did not have that effect, and was therefore wholly without consideration and void, and could not be valid as a common-law undertaking."

In *Owen* v. *Pomona Land etc. Co.,* 124 Cal. 333, [57 Pac. 71], the judgment of the court below for certain sums of money was declared to be a lien upon certain land and water stock. An undertaking in proper form was given for three hundred dollars, but no separate undertaking to stay proceedings. The court said: "On the whole, it appears that this is a case not covered by any provision of the statute for the filing of an additional stay-bond, and proceedings on the judgment were therefore stayed by the ordinary undertaking on appeal."

It has been universally held that a stay-bond, where none is required, in cases similar to this, is without consideration and void. (*Estate of Kennedy,* 129 Cal. 385, [62 Pac. 64]; *Central Land etc. Co.* v. *Center,* 107 Cal. 193, [40 Pac. 334]; *Reay* v. *Butler,* 118 Cal. 113, [50 Pac. 375]; *McCallion* v. *Hibernia etc. Society,* 98 Cal. 443, [33 Pac. 329].)

Plaintiff claims that the bill of exceptions as to the appellant Smith cannot be considered, because it was not served and filed within the time allowed by law.

But if it be conceded that the bill of exceptions was not

served in time, the judgment-roll, exclusive of the bill of exceptions, shows the error relied on.

The judgment against appellants is reversed.

Hall, J., and Harrison, P. J., concurred.