722　Naylor & Norlin *v.* Lewiston etc. Ry. Co.　[14 Idaho,

Points Decided.

(May 6, 1908.)

## NAYLOR & NORLIN, Appellants, v. LEWISTON & SOUTHEASTERN ELECTRIC RAILWAY COMPANY et al., Respondents.

[95 Pac. 827.]

Appeal from a Decree Foreclosing a Mechanic's Lien—Stay of Execution and Proceeding on Such Appeal—Fixing Stay Bond by Order of Judge—Amount of Stay Bond—Requisites of Stay Bond.

1. A judgment and decree foreclosing a mechanic's or laborer's lien and directing the sale of the property on which the lien is claimed is not a money judgment within the meaning of sec. 4810, Rev. Stat., which provides that on appeal from a judgment directing the payment of money, in order to stay proceedings on the judgment appealed from, the appellant must give a bond in ''double the amount named in the judgment or order appealed from.''

2. On an appeal from a judgment and decree foreclosing a mechanic's or laborer's lien, in order to stay further proceedings for the collection of the judgment appealed from, it is necessary that the amount of the stay bond to cover waste and the use and occupation of the premises directed to be sold, be fixed by the trial judge, and such a *supersedeas* bond is properly given under the provisions of sec. 4813, Rev. Stat.

3. The closing sentence of sec. 4813, Rev. Stat., which provides that in cases of a mortgage foreclosure a *supersedeas* bond shall cover any deficiency that may arise on the sale of the property, does not apply to judgments and decrees foreclosing mechanics' and laborers' liens, and in the latter case a *supersedeas* bond is not required to cover any deficiency that may arise from the sale of the property.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for the County of Nez Perce. Hon. Edgar C. Steele, Judge.

Appeal by the plaintiff from an order made by the district judge fixing the amount of a supersedeas bond to be given by the defendant on an appeal from a judgment foreclosing a laborer's lien. *Order appealed from affirmed.*

Chas. L. McDonald, for Appellants.

The judgment and decree by virtue of which the appellants herein were proceeding to sell certain real estate belonging to the respondents was to all intents and purposes a money judgment, and execution on the same could be stayed only by filing a supersedeas bond in double the amount thereof. (*State v. Superior Court,* 11 Wash. 366, 39 Pac. 644; *Flynn v. Des Moines & St. L. R. Co.,* 62 Iowa, 521, 17 N. W. 769; *Mason v. Germaine,* 1 Mont. 279.)

Johnson & Stookey, and A. A. Fraser, for Respondents.

This court has defined a money judgment in the foreclosure of a chattel mortgage in the case of *Barnes v. Buffalo-Pitts Co.,* 6 Ida. 519, 57 Pac. 267.

"A judgment in favor of plaintiff for money due on a note and for foreclosure on a mortgage securing it is a judgment for the recovery of money, within the statute providing that on appeal from such judgment the supersedeas bond shall be for double the amount of the judgment, and the court has no authority to fix the amount of such bond." (*State ex rel. Commercial Nat. Bank v. Superior Court,* 14 Wash. 365, 44 Pac. 859.) This case marks clearly the distinction between the two states in defining what is a money judgment. The question as to money judgments on the foreclosure of mechanic's liens and also in other classes of cases has been passed upon by the state of California. (*Central Lumber & Mill Co. v. Center,* 107 Cal. 193, 40 Pac. 334; *Owner v. Pomona Land & Water Co.,* 124 Cal. 331, 57 Pac. 71; *Olson v. W. H. Burch & Co.,* 1 Cal. App. 99, 81 Pac. 656; *Kreling v. Kreling,* 116 Cal. 458, 48 Pac. 383; *Painter v. Painter,* 98 Cal. 625, 33 Pac. 483; *Boob v. Hall,* 105 Cal. 413, 38 Pac. 977.)

AILSHIE, C. J.—This is an action to foreclose a laborer's lien on a railway grade and right of way for labor performed and material furnished in grading and other work on the defendant's right of way. Judgment was entered in favor

of the plaintiff for the principal sum of $3,124.70 and $250 as attorney's fees and costs of the action. Defendants took an appeal from the judgment and an order denying a motion for a new trial and gave the usual appeal bond, and, desiring to have a stay of proceedings on the judgment, applied to the trial judge for an order fixing the amount of the supersedeas or stay bond that would be required. The trial judge, acting under the assumption that the bond required in such case should be fixed in accordance with sec. 4813, Rev. Stat., made an order fixing the bond in the sum of $1,000, and required that such bond be "conditioned that said defendants will pay for any waste they commit or suffer to be committed on said lands, and will pay the value of the use and occupation of the property from the time of the appeal until the delivery of the possession thereof, pursuant to the judgment or order of the supreme court." The plaintiff objected and excepted to this order and insisted that he was entitled to a bond in double the amount of the judgment as provided by sec. 4810, Rev. Stat. The latter section fixes the amount of stay bonds on appeals from money judgments at "double the amount named in the judgment or order" appealed from. A bill of exceptions was settled and the plaintiff took an appeal from the order of the district judge fixing the stay bond at the sum of $1,000. The plaintiff and appellant in this case insists that a judgment foreclosing a mechanic's lien is in truth and in fact a money judgment, and the execution thereof cannot be stayed in any other manner than by giving a bond in double the amount of the judgment appealed from. In the second place, he contends that if it be held that such a judgment is not a money judgment, that then, under the last sentence of sec. 4813, *supra,* the bond should have been conditioned for the payment of any deficiency arising upon the sale of the property covered by the lien. Sec. 4813 is as follows:

"If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same cannot be stayed, unless a written undertaking be executed on the part of the appellant with two or more sureties, to

the effect that during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency.''

Taking up appellant's first contention we find that the supreme court of California in passing upon statutes identical with our own in reference to supersedeas and stay bonds, has held that a judgment foreclosing a mechanic's or laborer's lien is not a money judgment within the meaning of sec. 942 of the Code of Civil Procedure of California, which corresponds to sec. 4810, Rev. Stat. of this state. (*Central Lumber & Mfg. Co. v. Center,* 107 Cal. 193, 40 Pac. 334; *Kreling v. Kreling,* 116 Cal. 458, 48 Pac. 383; *Olsen v. W. H. Burch & Co.,* 1 Cal. App. 99, 81 Pac. 656.) We think the construction placed on these statutes by the California court is the correct view of the law. Another thing that is worthy of consideration in this connection,—the lien law, at sec. 14 (Sess. Laws 1899, p. 150), contains a specific provision to the effect that nothing contained in the lien law shall impair the right of any person entitled to a lien to maintain a personal action to recover the debt against an individual or company liable therefor. On the contrary, the lien statute authorizes the allowance of attorney's fees for foreclosure of the lien, together with expenses of preferring the lien claim. In an action for a personal or money judgment no such costs could be recovered, and no judgment could be had for any such costs and expenses. Again, it has been held that in the foreclosure of liens under these statutes the parties are not, as a matter of right, entitled to a jury trial. (*Idaho & Ore. L. I. Co. v. Bradbury,* 132 U. S. 509, 10 Sup. Ct. 177, 33 L.

ed. 433, 2 Ida. 239, 10 Pac. 620; *Christensen v. Hollingsworth*, 6 Ida. 87, 96 Am. St. Rep. 256, 53 Pac. 211.) The action has therefore been treated as a suit in equity. It is very apparent that constructive service might be had for the purpose of foreclosure and sale of the property on which the lien exists, but such a service would not authorize any personal or money judgment against the defendant. We conclude, therefore, that a stay bond on an appeal of this kind is provided for by sec. 4813, *supra,* and that the amount of such bond must be fixed by the district judge.

The only remaining question for us to determine is whether or not such a bond comes within the provision of the last sentence in that section which provides that "When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency." If the foregoing provision applies to a stay bond on appeal from an order of foreclosure of a mechanic's lien, then the trial judge erred in not fixing the amount of the bond to include any deficiency judgment the plaintiff might have. The lien statute at sec. 11 (Sess. Laws 1899, p. 149) provides a method for the collection of any balance that may be due a lien claimant after the sale of the property and the security has been exhausted. That section of the statute closes with this language: "And each claimant shall be entitled to execution for any balance due him after such distribution; such execution to be issued by the clerk of the court upon demand, at the return of the sheriff or other officer making the sale, showing such balance due." This statute was written evidently on the theory that in the foreclosure of a lien the court must necessarily ascertain and determine the amount due and enter his decree accordingly, and that upon the sheriff or other officer making return of the amount realized from the sale and the balance due under the execution and order of sale, all that will be necessary for the collection of the balance will be for the clerk to issue an execution for that sum. The result, however, is that the plaintiff is entitled to collect any balance remaining due after sale of the property, and

that for such purpose he is entitled to a general execution against the defendant. The only question to be determined, therefore, is as to whether the statute will cover such a deficiency when in fact by its terms it only provides for a stay bond to secure a deficiency where the "judgment is for the sale of mortgaged premises." Our examination of the statute convinces us that it was not the intention of the legislature to include judgments foreclosing mechanics' liens within the provisions of this latter sentence of sec. 4813, and that in such cases it is not necessary for the stay bond to cover any deficiency. On first impression it seems unjust that a plaintiff who has obtained a judgment should not, upon the staying of his execution, have a bond to cover any deficiency, but upon reflection it will be observed that there is a very material difference between a mortgage lien and a mechanic's lien. The first is given by contract, and, in many instances, the debt secured may be practically as much as the value of the property, and in most all instances considerable time elapses before the maturing of the debt, in which case there is ample opportunity for the property to depreciate in value. On the other hand, the mechanic's or laborer's lien is involuntary on the part of the property owner, and arises by operation of law as an incident to the original contract. In every instance of a lien, however, the debt and obligation for which the lien is given is only so much as has been incurred in the creation or improvement of the property itself, and the whole sum has gone to enhance the value of the property on which the lien is claimed. The time allowed for preferring the lien claim is so short that there is but little opportunity for the property to so depreciate in value that it will not sell in the market for an amount equal to the claim for labor or material, or both, that has been furnished. Whatever may have been the reason for not requiring a stay bond to cover any deficiency in case of foreclosure of a mechanic's lien, it is clear to us that the statute does not in terms or by implication include such cases. We conclude, therefore, that the order of the trial court in fixing the stay bond was clearly within the purview of sec. 4813, Rev. Stat., and that

it must be affirmed, and it is so ordered. Costs in favor of respondent.

Sullivan, J., and Stewart, J., concur.